OPINION
{¶ 1} On August 30, 2004, appellant, Michael Ray, was charged with four counts of cruelty against companion animal in violation of R.C.959.131 and one count of confinement of dogs in violation of R.C.955.22(C). On February 11, 2005, appellant pled no contest to one of the cruelty counts and the confinement count. The remaining three cruelty counts were dismissed. By decision filed February 28, 2005, a magistrate found appellant guilty, and sentenced him to one year of community control. The magistrate also ordered appellant to reduce the number of dogs in his care to ten within thirty days. Appellant filed objections. By judgment entry filed May 19, 2005, the trial court overruled the objections and approved and adopted the magistrate's decision.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT COMMITTED AS ABUSE OF DISCRETION IN LIMITING DEFENDANT TO HAVING, OWNING OR POSSESSING ONLY TEN (10) DOGS."
 II {¶ 4} "THE COURT ERRED IN CONVICTING THE DEFENDANT ON A `NO CONTEST' PLEA WHERE THERE WAS NO PRESENTATION OF EVIDENCE OR EXPLANATIONS GIVEN BY THE STATE, NOR WAS THE PRESENTION (SIC) OF EVIDENCE WAIVED BY THE DEFENDANT WHICH CONSTITUTES PLAIN ERROR."
 I {¶ 5} Appellant claims the trial court erred in ordering him to reduce his number of dogs to ten within thirty days as a condition of his sentence. We disagree.
 {¶ 6} Sentencing lies within the sound discretion of the trial court.State v. O'Dell (1989), 45 Ohio St.3d 140. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 7} In its judgment entry of May 19, 2005, the trial court ordered the following:
 {¶ 8} "The following SANCTIONS, that are INTENDED TO DISCOURAGE the offender or other persons from committing similar offenses, and that the court finds are REASONABLY RELATED to the overriding purpose of misdemeanor sentencing:
 {¶ 9} "Must limit number of dogs to 10 by 7-15-05, defendant currently has 20 dogs, can only have 10 dogs under his care."
 {¶ 10} R.C. 959.99 governs penalties. Subsection (E)(3)(a) states the following:
 {¶ 11} "A court may order a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code to forfeit to an impounding agency, as defined in section 959.132 of the Revised Code, any or all of the companion animals in that person's ownership or care. The court also may prohibit or place limitations on the person's ability to own or care for any companion animals for a specified or indefinite period of time."
 {¶ 12} Pursuant to R.C. 2929.21 and R.C. 2929.22, trial courts are permitted to fashion misdemeanor sentences and sanctions which include the "need for changing the offender's behavior" or "rehabilitating the offender." As noted during the change of plea hearing, appellant had been previously convicted of a similar act and yet he still had a problem with the housing and chaining of his dogs. February 11, 2005 T. at 5-6.
 {¶ 13} Upon review, we find the sanction imposed was not unlawful and was formulated in consideration of the purposes of misdemeanor sentencing.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the trial court erred in finding him guilty after a no contest plea wherein the state did not present any evidence. We disagree.
 {¶ 16} Appellant acknowledges this issue must be reviewed under a plain error standard because a specific objection pursuant to Crim.R. 19(E)(2)(b) was not made.[1] Said rule states, "Objections shall be specific and state with particularity the grounds for the objections. A party shall not assign as error on appeal the court's adoption of the decision of the magistrate unless the party has timely objected to the magistrate's decision." In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v.Long (1978), 53 Ohio St.2d 91. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 17} Despite the lack of an objection, the transcript during the no contest plea before the magistrate contains a statement of the evidence by the state relative to sentence. February 11, 2005 T. at 5-6. Under the mandate of judicial review of Crim.R. 19(E)(3)(b), the trial court had sufficient evidence before it to impose the sentence and raise the issue above plain error. In addition, in its May 19, 2005 judgment entry, the trial court stated it conducted an independent review of the facts and found the magistrate "has properly determined the factual issues and appropriately applied the law."
 {¶ 18} Upon review, we find the trial court did not err in finding appellant guilty after his no contest plea.
 {¶ 19} Assignment of Error II is denied.
 {¶ 20} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed.
[1] The objections filed related to the sentence.