OPINION
{¶ 1} On April 13, 2004, appellant, Mary Jean Hendrickson, was charged with two counts of cruelty to animals in violation of R.C. 959.131(C). Said charges arose from the neglect of numerous cats and one dog in appellant's residence.
 {¶ 2} A jury trial commenced on May 13, 2004. The jury found appellant guilty as charged. By indirect sentence order filed May 14, 2004 and judgment order filed May 19, 2004, the trial court sentenced appellant to an aggregate term of thirty days in jail, suspended in lieu of intensive probation for one year in with the Ashland County Community Corrections Program. Pertinent to this appeal, the trial court ordered appellant to obtain a psychological evaluation and cooperate with counseling, and forfeit the cats to the Humane Society. The dog was ordered returned to appellant under certain conditions.
 {¶ 3} On May 21, 2004, appellant filed a motion for new trial and/or sanctions given the fact that the state withheld evidence that the dog in question had died of cancer prior to the trial date. Appellant argued the cause of death explained the dog's condition. A hearing was held on June 2, 2004. By judgment entry filed June 3, 2004, the trial court granted the motion for sanctions, ordering the state to conduct veterinarian examinations on each of the cats. The trial court also amended its original sentence to permit appellant to acquire another dog.
 {¶ 4} On March 29, 2005, the state filed a motion to forfeit the cats due to appellant's failure to comply with the terms of her probation. A hearing was held on June 2, 2005. By judgment entry filed June 10, 2005, the trial court acknowledged appellant's probation term had reached its end and was therefore terminated, but found appellant had not complied with the terms of said probation and ordered forfeiture of the cats.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT COMMITTED PLAIN ERROR IN ORDERING THAT THE APPELLANT FORFEIT THIRTEEN (13) CATS."
 I {¶ 7} Appellant claims the trial court erred in ordering the forfeiture of her thirteen cats. We disagree.
 {¶ 8} R.C. 959.99 sets forth the penalties associated with the cruelty to animals statutes. Subsection (E)(3)(a) states the following:
 {¶ 9} "A court may order a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code to forfeit to an impounding agency, as defined in section959.132 of the Revised Code, any or all of the companion animals in that person's ownership or care. The court also may prohibit or place limitations on the person's ability to own or care for any companion animals for a specified or indefinite period of time."
 {¶ 10} The forfeiture of the thirteen cats was predicated on appellant's failure to comply with the terms of her intensive probation. T. at 3. The trial court's decision was based upon a report from appellant's probation officer, James Detrow, and photographs taken of appellant's property the day before and the morning of the hearing. See, State's Exhibits 1 and 2; Exhibit A. Appellant did not object to the state's exhibits. T. at 6-7, 18. Appellant admitted the state's photographs accurately depicted the conditions of her home the day before the hearing. T. at 10; State's Exhibit 2. Appellant presented photographs she had taken the morning of the hearing. T. at 11; Exhibit A. In comparing the two sets of photographs, appellant claimed she "mainly finished cleaning up the floors, all the garbage bags are out, got rid of the majority of the cobwebs, cleared out a few other things." T. at 11. Exhibit A also depicted an external kennel enclosure. T. at 12. Appellant admitted that while she had been staying on the property, she had not "actually stayed in the house yet." T. at 16.
 {¶ 11} Mr. Detrow's report indicates while appellant submitted to a psychological evaluation, she did not comply with the treatment plan. See, State's Exhibit 1. Appellant missed several appointments, had difficulty establishing goals and appeared to be "in quite a bit of denial." Appellant did not contest the findings of this report.
 {¶ 12} We find the trial court's order to forfeit the cats is substantiated by the uncontested evidence. Upon review, we find the trial court did not err in its decision.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Ashland Municipal Court of Ashland County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court of Ashland County, Ohio is affirmed.