OPINION
{¶ 1} Appellant, Michael K. Ashely, appeals from a judgment entry of the Lake County Court of Common Pleas, sentencing him to a five year prison term and imposing a fine of $10,000. We vacate the sentence, and remand for resentencing.
 {¶ 2} On December 20, 2002, the Lake County Grand Jury indicted appellant on one count of possession of cocaine, a first degree felony in violation of R.C. 2925.11; and one count of trafficking in cocaine, a first degree felony in violation of R.C. 2925.03(A)(2). Appellant waived the right to be present at his arraignment and pleaded not guilty to the foregoing charges.
 {¶ 3} Ultimately, on April 19, 2004, appellant pleaded guilty to one count of possession of cocaine, a first degree felony in violation of R.C. 2925.11. The court accepted appellant's guilty plea and convicted him on one count of possession of cocaine. This matter then proceeded to a sentencing hearing.
 {¶ 4} When sentencing appellant, the trial court relied upon the factors of R.C. 2929.14(B) and appellant's criminal record to impose a prison term of five years. This prison term represented more than the minimum prison term for a first degree felony. The court's sentence also imposed a mandatory fine of $10,000, per R.C. 2929.18(B)(1), as appellant did not file an affidavit of indigency.
 {¶ 5} From this judgment, appellant filed a timely notice of appeal and now sets forth the following two assignments of error for our consideration:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 7} "[2.] The defendant's due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution were violated by ineffective assistance of counsel."
 {¶ 8} Under his first assignment of error, appellant contends that the court's reliance upon factual findings under R.C.2929.14(B) to enhance his prison term beyond the minimum term established by statute violated his constitutional right to a trial by jury. We agree.
 {¶ 9} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's first assignment of error is with merit.
 {¶ 10} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 11} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial factfinding is not required before imposing a more than the minimum sentence. Foster at paragraph one of the syllabus.
 {¶ 12} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 13} That being said, appellant's second assignment of error argues that he received ineffective assistance of counsel, as his counsel failed to file an affidavit of indigency on appellant's behalf. Appellant concludes that due to counsel's error, the court imposed a fine of $10,000 without knowledge of his indigent status.
 {¶ 14} As stated under our analysis of the first assignment of error, appellant's sentence is void and, therefore, must be vacated and remanded. The court's $10,000 fine was part of appellant's sentence. Accordingly, the fine is also void, vacated, and remanded. Upon remand, appellant may file an affidavit of indigency. R.C. 2929.18(B)(1); cf. State v.Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, at paragraph 2 of the syllabus. Appellant's second assignment of error is moot.
 {¶ 15} Based upon the foregoing analysis, appellant's first assignment of error is with merit and his second assignment of error is moot. The sentence of the Lake County Court of Common Pleas is vacated. This case is remanded for resentencing and for proceedings consistent with this opinion pursuant to Foster.
Ford, P.J., Rice, J., concur.