OPINION
{¶ 1} Appellant, Max S. Struble ("Struble"), entered a written plea of "guilty" on October 1, 2004 to the charges of domestic violence, a felony of the fourth degree in violation of R.C. 2919.25(A), and attempted abduction, a felony of the fourth degree in violation of R.C. 2923.02 and 2905.02. On October 4, 2004, the Lake County Court of Common Pleas sentenced Struble to fourteen months imprisonment on each offense to run concurrently to one another. Struble was given credit for forty-two days of pre-trial detention already served. Struble filed a motion for additional jail-time credit on June 20, 2005.[1] The trial court denied Struble's request on July 1, 2005. Struble timely appeals the trial court's judgment entry denying his motion for additional credit. For the reasons that follow, we find that this appeal is now moot and therefore the appeal is dismissed.
 {¶ 2} Struble asserts a single assignment of error on appeal:
 {¶ 3} "The trial court erred by denying Appellant [sic] Jail-Time [sic] credit for time confined in jail awaiting disposition of criminal case [sic], thus violating the statute of The [sic] State [sic] of Ohio."
 {¶ 4} An appeal of a sentence is moot if the party challenging the sentence has served the imposed time. State v.Smith (March 22, 2002), 11th Dist. No. 2000-L-195, 2002-Ohio-1330. In review of Struble's assignment of error, the only challenge presented for the review of this court involves the sentence imposed. Although appeals of felony convictions should not be dismissed as moot on appeal due to the additional ramifications of a felony conviction, "* * * this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction." State v.Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712, 4. Struble was sentenced to fourteen months imprisonment on October 4, 2004. More than fourteen months have passed since Struble was sentenced. Therefore, Struble has completed his sentence. Accordingly, Struble's appeal is now moot and should be dismissed.
 {¶ 5} Nevertheless, we are inclined to indicate that even had Struble's appeal not been moot, Struble would not have been successful in his appeal for the reasons that follow.
 {¶ 6} In some circumstances, inmates are entitled to receive credit toward a sentence of imprisonment for any incarceration time served during the pendency of their trial. R.C. 2967.191
provides:
 {¶ 7} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 8} Struble was incarcerated from February 18, 2004 to February 19, 2004 and from March 10, 2004 until April 20, 2004 in relation to the underlying offenses. The trial court properly granted credit to Struble for these forty-two days of pre-trial detention. Struble now requests credit for an additional sixteen days represented by his confinement in the Lake County Jail from September 14, 2004 until September 30, 2004.
 {¶ 9} In general, it is within the purview of the sentencing court to determine the amount of credit an offender shall receive for pre-trial detention time served. See, State ex rel. Corderv. Wilson (1991) 68 Ohio App.3d 567, 572. Unless the trial court's calculation of the credit is in plain error, it will be upheld. See, State v. Cook, 7th Dist. No. 00 CA 184, 2002-Ohio-7170, at ¶ 10.
 {¶ 10} While awaiting trial in the underlying case, Struble was sentenced to a term of imprisonment arising out of Lake County Court of Common Pleas case number 04-CR-000390. On September 10, 2006, the trial court in this concurrent case sentenced Struble to nine months imprisonment for a guilty plea entered by Struble. Following this sentence, on September 13, 2004, Struble filed a motion with the trial court in the present underlying action requesting the court direct the Lake County Jail to retain him at its facility rather than being committed to the Lorain Correctional Institution to serve the remainder of his sentence in case number 04-CR-000390. This motion was granted by the trial court the day after it was filed. Therefore, while Struble was detained at the Lake County Jail from September 14 through September 30, 2004, he was simultaneously serving his sentence as imposed in case number 04-CR-000390 and awaiting trial in the underlying case from which this appeal rises.
 {¶ 11} Struble is not entitled to credit for time served on a sentence imposed for another offense. See, State v. Clark, 11th Dist. No. 2001-A-0042, 2001-Ohio-8818. See, also, State ex rel.Croake v. Trumbull Co. Sheriff (1990), 68 Ohio App.3d 245, 247. According to R.C. 2967.191, jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced. See, State v. Smith (1992), 71 Ohio App.3d 302, 304. An offender is not entitled to "jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." Id. R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense. See, State v. Dawn
(1975), 45 Ohio App.2d 43, 422. Therefore, there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter. See, Cook, supra at ¶ 17.
 {¶ 12} It was by virtue of Struble's own request that he remained at the Lake County Jail instead of being transferred to the Lorain Correctional Institution to begin serving his sentence imposed on the prior conviction. The locus of his detention does not entitle him to credit for the time served during September 2004 after he was sentenced on the unrelated case. Therefore, we hold that Struble is not entitled to the additional sixteen days requested as jail-time credit.
 {¶ 13} For the reasons stated in the Opinion of this court, the assignment of error is not well taken as the same is moot and the appeal is dismissed.
Donald R. Ford, P.J., William M. O'Neill, J., concur.
[1] Struble had previously filed a similar request for jail-time credit on October 26, 2004 which was denied on November 10, 2004. Struble then filed a motion for reconsideration in regards to the same request. That motion was likewise denied on February 7, 2005.