OPINION
{¶ 1} Michael K. Ashley appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to five years imprisonment. We affirm.
 {¶ 2} September 9, 2002, Mr. Ashley and two companions were arrested by the Willoughby Hills police, while transporting a large amount of cocaine from Ohio to the state of New York for resale. September 16, 2002, Mr. Ashley posted bond, and returned to Buffalo, New York. Mr. Ashley was on appellate bond in New York for other *Page 2 
crimes. His New York appeal evidently failed, as Mr. Ashley was soon incarcerated in the Butler Correctional Facility, Redcreek, New York.
 {¶ 3} December 20, 2002, the Lake County Grand Jury indicted Mr. Ashley on one count of possession of cocaine, a first degree felony in violation of R.C. 2925.11; and, one count of trafficking in cocaine, a first degree felony in violation of R.C. 2925.03(A)(2). January 24, 2003, a warrant to arrest on indictment was issued against Mr. Ashley. On or about May 21, 2003, the Lake County sheriff arrested him at the New York correctional facility, and transported him to the Lake County Jail. June 4, 2003, Mr. Ashley waived his right to appear at arraignment, and pled "not guilty" to each count. That same day, the trial court continued Mr. Ashley's bond. However, Mr. Ashley continued to reside at the Lake County Jail, on his New York conviction, pending disposition of the Ohio case.
 {¶ 4} April 19, 2004, Mr. Ashley pled guilty to possession of cocaine. Sentencing hearing was held that day. By a judgment entry filed April 21, 2004, the trial court sentenced Mr. Ashley to five years imprisonment, and a mandatory $10,000 fine. The trial court further ordered that Mr. Ashley be returned to the New York authorities, to complete his New York sentence; then, be returned to this state, to serve his Ohio sentence.
 {¶ 5} June 8, 2005, Mr. Ashley moved this court for leave to file a delayed appeal, App.R. 5(A), which motion was granted by a judgment entry filed July 19, 2005. By a judgment entry filed April 24, 2006, we vacated Mr. Ashley's sentence, and remanded the matter for resentencing, pursuant to the mandate of State v. Foster, *Page 3 109 Ohio St.3d 1, 2006-Ohio-856. See, e.g., State v. Ashley, 11th Dist. No. 2005-L-085, 2006-Ohio-2016, at ¶ 9-15.
 {¶ 6} June 6, 2006, the trial court again held sentencing hearing. By a judgment entry filed June 9, 2006, it again sentenced Mr. Ashley to five years imprisonment, though it declined to impose the mandatory fine, due to Mr. Ashley's indigency. July 6, 2006, Mr. Ashley timely noticed this appeal, making seven assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the Rule of Lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the intent of the Ohio legislators.
 {¶ 12} "[6.] The trial court violated appellant's rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and *Page 4 
under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 13} "[7.] The trial court erred in denying the defendant-appellant credit for time served in jail awaiting the conclusion of his case in violation of R.C. 2967.191."
 {¶ 14} Mr. Ashley's first five assignments of error track those considered in our recent decision of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 5-9, in which appellant challenged his more-than-minimum sentences. We believe our analysis in Elswick
concerning more-than-minimum sentence challenges under Foster and its progeny is fully applicable herein.
 {¶ 15} The first and second assignments of error are interrelated. Each is premised on alleged violations of ex post facto principles embedded in the principle of due process. By the first assignment of error, Mr. Ashley contends the trial court violated the Due Process and the Ex Post Facto Clauses of the Ohio and United States Constitutions by sentencing him to a more-than-minimum term of imprisonment. Mr. Ashley contends this sanction was not available to the trial court at the time he committed his offense. By the second assignment of error, Mr. Ashley contends he had neither actual nor constructive notice that a more-than-minimum sentence might be imposed for his conduct. He further argues that the trial court could not constitutionally impose a more-than-minimum sentence without additional factual findings by a jury, or based on his admission.
 {¶ 16} In Elswick, we determined Foster did not contravene the federal constitutional guarantee of due process, and prohibition against ex post facto laws, since it did not affect a defendant's right to a sentencing hearing; did not alter the *Page 5 
statutory range of sentences available to trial courts for any particular degree of crime; and, because the potential for a judicial declaration that certain portions of Ohio's sentencing statutes were unconstitutional was prefigured by the decisions of the United States Supreme Court in Apprendi v. New Jersey (2000), 530 U.S. 466; andBlakely v. Washington (2004), 542 U.S. 296. Elswick at ¶ 21-25. As applied to this case, Mr. Ashley knew that a more-than-minimum sentence could be imposed by the trial court, both under the pre-and post-Foster sentencing schemes; he knew that the statutory scheme was subject to judicial scrutiny; and, there is nothing to indicate his criminal conduct would have been affected by the sentencing change. See, e.g., Elswick at ¶ 25. Consequently, Foster neither implicates Mr. Ashley's federal due process rights, nor the federal prohibition against ex post facto laws. Id.
 {¶ 17} In Elswick, relying on the analysis by the court in State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we determined thatFoster did not violate the Ohio constitutional guarantee of due process, and prohibition against ex post facto laws, since it is not substantively retroactive. Elswick at ¶ 28-30. This is becauseFoster does not impair any vested right, or any accrued substantive right of a criminal defendant, since there is no such right in a presumed sentence. Elswick at ¶ 29.
 {¶ 18} Finally, we note that the argument that more-than-minimum sentences may only be imposed based on additional jury findings or admission of the defendant is meaningless in the post-Foster landscape.Foster specifically grants trial courts discretion to sentence within the applicable statutory range. Id., at paragraph seven of the syllabus. By way of illustration, in this case, Mr. Ashley pled to possession of cocaine, a first degree felony. Under Foster, this was a sufficient admission by the *Page 6 
defendant to allow the trial court to sentence him to any period authorized by statute-which it did.
 {¶ 19} Based on our decision in Elswick, the first and second assignments of error are without merit.
 {¶ 20} By his third assignment of error, Mr. Ashley alleges that the remedy applied by the Ohio Supreme Court in Foster, of severing the constitutionally offensive provisions of the sentencing statutes, violates the doctrine of the separation of powers. Again, our reasoning in Elswick is dispositive. R.C. 1.50 specifically provides for the severance by the Ohio judiciary of constitutionally unsound portions of statutes; and, this same remedy was applied by the United States Supreme Court to the federal sentencing guidelines, in United States v.Booker (2005), 543 U.S. 220. Elswick at ¶ 37-38. Further, we note that the inferior tribunals of this state are strictly bound by the constitutional mandates and statutory constructions made by the Ohio Supreme Court. State ex rel. Ohio Academy of Trial Lawyers v.Sheward (1999), 86 Ohio St.3d 451, 475 (constitutional mandates);State v. Sides, 11th Dist. No. 2005-L-175, 2006-Ohio-2778, at ¶ 13
(statutory constructions). Neither the trial court, nor this court, can alter the remedies prescribed by the Supreme Court in curing a constitutionally-infirm statute.
 {¶ 21} The third assignment of error is without merit.
 {¶ 22} By his fourth assignment of error, Mr. Ashley alleges that the trial court's application of Foster to him, resulting in a more-than-minimum sentence, violates the "rule of lenity." The rule of lenity, codified at R.C. 2901.04(A), provides, in pertinent part: "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of *Page 7 
lenity applies only to ambiguities in criminal statutes concerning conduct which is clearly prescribed. Elswick at ¶ 42.
 {¶ 23} Mr. Ashley was resentenced by the trial court following the announcement of Foster, under specific instruction from this court to apply that decision to the resentencing. Consequently, "* * * the trial court was bound to apply the law announced by the Supreme Court of Ohio [in Foster]." Elswick at ¶ 43. In Elswick, we determined that there is nothing ambiguous about R.C. 2929.14(B). Elswick at ¶ 43. The rule of lenity does not apply. Id.
 {¶ 24} The fourth assignment of error is without merit.
 {¶ 25} By his fifth assignment of error, Mr. Ashley alleges that the trial court's application of Foster to his sentencing was contrary to the intent of the legislators of this state in creating Ohio's statutory sentencing structure. He contends that the overriding intent of the General Assembly in enacting that structure was to create uniformity and proportionality in sentencing; while the effect of Foster is to place unfettered discretion in the hands of our trial courts. Cf. Id., at paragraph seven of the syllabus. Mr. Ashley further contends thatFoster renders meaningful appellate review of sentences impossible.
 {¶ 26} Elswick contains an extensive discussion of these issues, fully applicable to this case. Id. at ¶ 45-54. All we would add is that this court is without power to review the Ohio Supreme Court's decisions regarding legislative intent. Cf. Sheward at 475; Sides at ¶ 13.
 {¶ 27} The fifth assignment of error is without merit. *Page 8 
 {¶ 28} By his sixth assignment of error, Mr. Ashley alleges the trial court misapplied R.C. 2929.11, governing the purposes of felony sentencing. Specifically, Mr. Ashley notes that R.C. 2929.11(B) requires consistency in sentencing for similar crimes committed by similar offenders, and that his sentence of five years imprisonment is greater than the four year sentences imposed by the trial court on his two companions in crime. Relying particularly on a line of cases from the Sixth Appellate District, Mr. Ashley contends trial courts should be required to compare the records of cases involving similarly situated offenders, and derive sentences therefrom.[1]
 {¶ 29} We disagree. Certainly such comparisons may be useful to the trial court. However, as we stated in State v. Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58: "* * * a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency [pursuant to R.C. 2929.11(B)]." As modified byFoster, those guidelines include any statutes specific to the case, R.C.2929.11, and R.C. 2929.12. See, e.g., State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. The trial court followed these guidelines in sentencing Mr. Ashley. That his sentence is five years, as compared to the four year sentences received by his cohorts, is insufficient to raise an issue of inconsistency under R.C. 2929.11(B). There is no *Page 9 
requirement for uniformity in the sentences meted out to co-defendants.State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417, at ¶ 21.
 {¶ 30} The sixth assignment of error is without merit.
 {¶ 31} By the seventh assignment of error, Mr. Ashley contends he is entitled to credit against his Ohio sentence for the period he spent in the Lake County Jail between his arrest at the New York correctional facility where he was serving his New York sentence, and the time he was returned to the New York authorities to complete that sentence — May 21, 2003, until May 7, 2004. Mr. Ashley relies on R.C. 2967.191, which provides, in pertinent part: "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reasonarising out of the offense for which the prisoner was convicted andsentenced * * * [.]" (Emphasis added.) Mr. Ashley argues that from May 2003 until May 2004, he was held in the Lake County Jail on the pending Ohio charges, and that the trial court made his Ohio sentence concurrent with the remainder of his New York sentence.
 {¶ 32} The power to determine the amount of jail credit an offender shall receive is generally within the purview of the trial court.State v. Struble, 11th Dist. No. 2005-L-115, 2006-Ohio-3417, at ¶ 9. The trial court's calculation may only be reversed for plain error. Id. Under the plain terms of R.C. 2967.191, an offender is only entitled to credit for time spent incarcerated relating to the offense for which he is convicted. "* * * [T]here is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." Struble at ¶ 11. *Page 10 
 {¶ 33} The record in this case clearly establishes that Mr. Ashley was not confined in the Lake County Jail from May 2003 until May 2004 on the pending Ohio charges. He had bonded out on those. Rather, he was being held there because of his New York conviction, for which he was already serving time in that state. R.C. 2967.191 does not apply. It is irrelevant that the trial court made Mr. Ashley's Ohio sentence run concurrently with the remainder of his New York sentence. Cf.Struble at
 {¶ 34} The seventh assignment of error is without merit.
 {¶ 35} The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.
[1] In support of this proposition, Mr. Ashley cites to State v.Murchison, 6th Dist. No. L-01-1054, 2002-Ohio-3420; State v.Claussen, 6th Dist. No. S-01-017, 2002-Ohio-2169; State v. Hanson (Mar. 22, 2002), 6th Dist. No. L-01-1217, 2002-Ohio-1522; and, State v.Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027 and L-00-1028, 2000 Ohio App. LEXIS 5575. He also relies on the opinion of the Third Appellate District in State v. Agner, 3d Dist. No. 8-02-28, 2003-Ohio-5458, which itself relies, in part, on the Sixth District's opinion in Hanson. Agner at ¶ 13, fn. 13. We note that the Sixth District has overruled Williams, the progenitor of this line of cases. See, e.g., State v. Jones, 6th Dist. No. WD-05-045, 2006-Ohio-2922, at ¶ 21-23. *Page 1