OPINION
{¶ 1} William A. Whitlow appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to a total term of four years imprisonment for burglary and cruelty to animals, and forbidding him from owning or caring for pets for the rest of his life. We affirm. *Page 2 
 {¶ 2} The events underlying this appeal occurred during the night of May 30, or early hours of May 31, 2006. Mr. Whitlow was the purchaser of a residence at 1493 East 359th Street, Eastlake, Ohio, but had not yet obtained the right to occupation. Mr. Whitlow and several companions burglarized the house that night, stealing property belonging to Ms. Miriam Couch and her daughters, the residents. During the course of the burglary, Mr. Whitlow tortured and killed two kittens belong to the Couches. While not entirely clear from the record, it appears he threw one or more of the kittens against the wall; stuck one in a pan of cold water, and then into the freezer; while he chose to bisect the other kitten with a knife, and place part of its remains in the bed of one of Ms. Couch's daughters.
 {¶ 3} July 17, 2006, the Lake County Grand Jury indicted Mr. Whitlow on six counts: Counts 1 and 2, burglary, second degree felonies in violation of R.C. 2911.12(A)(2); Count 3, burglary, a fourth degree felony in violation of R.C. 2911.12(A)(4); Count 4, tampering with evidence, a third degree felony in violation of R.C. 2921(A)(1); and Counts 5 and 6, cruelty to companion animals, first degree misdemeanors in violation of R.C. 959.131(B). July 18, 2006, Mr. Whitlow filed a written waiver of his right to be present at arraignment, and pleaded not guilty to all counts. November 6, 2006, Mr. Whitlow withdrew his former pleas, and entered a written plea of guilty to Counts 1, 5 and 6, the trial court nolling the other counts. Sentencing hearing was held December 4, 2006; and, by a judgment entry filed December 13, the trial court sentenced Mr. Whitlow to a term of four years imprisonment on Count 1, second degree burglary; and one hundred eighty days each on Counts 5 and 6, cruelty to companion animals, these terms to be served consecutively to each other, and concurrently with *Page 3 
the term for burglary. The trial court further ordered Mr. Whitlow to pay fines of one thousand dollars on each of the cruelty to animals counts, and forbade him from owning or caring for any companion animals for the rest of his life.
 {¶ 4} Mr. Whitlow timely appealed, assigning a single error:
 {¶ 5} "The trial court erred by sentencing the defendant-appellant to the maximum penalty for the misdemeanor to companion animal counts."
 {¶ 6} Mr. Whitlow's assignment of error is directed solely to the trial court's prohibition against him owning or caring for pets in the future.
 {¶ 7} Mr. Whitlow pleaded guilty to two violations of R.C. 959.131(B), which provides: "[n]o person shall knowingly torture, torment, needlessly mutilate or maim, cruelly beat, poison, needlessly kill, or commit an act of cruelty against a companion animal." Kittens are, inter alia, "companion animals." R.C. 959.131(A)(1). A first time violation of R.C. 959.131(B) is a misdemeanor of the first degree. R.C. 959.99(E)(1).
 {¶ 8} We review challenges to misdemeanor sentences for abuse of discretion. Conneaut v. Peaspanen, 11th Dist. No. 2004-A-0053,2005-Ohio-4658, at ¶ 18. Abuse of discretion is no mere error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v. Ferranto (1925), 112 Ohio St. 667, 676-678. In reviewing a misdemeanor sentence, an appellate court presumes the findings of the trial court are correct. Peaspanen at ¶ 18. If a misdemeanor sentence is within the statutory range, the trial *Page 4 
court is presumed to have considered all mandated factors, and the appellant bears the burden of showing otherwise. Id.
 {¶ 9} Mr. Whitlow presents three issues in support of his assignment of error. First, he contends the prohibition against him possessing pets for the rest of his life is disproportionately harsh to sanctions imposed on others found guilty of cruelty to animals. R.C. 2929.21 sets forth the overriding purposes of misdemeanor sentencing; and, R.C.2929.21(B) provides, in pertinent part, that a misdemeanor sentence must be, "* * * consistent with sentences imposed for similar offenses committed by similar offenders." Mr. Whitlow cites to the opinions of the courts in State v. Hendrickson, 5th Dist. No. 05-COA-023,2006-Ohio-434; and, State v. Ray, 5th Dist. No. 2005AP060040,2005-Ohio-6061. In Hendrickson, appellant was only required to forfeit her cats, while being allowed to obtain a dog, even though she violated her probation for maintaining her pets in filthy living conditions. Cf. id. at ¶ 2-4, 9-10, 12. In Ray, appellant was permitted to keep ten of his twenty dogs, despite pleading no contest to a cruelty count under R.C. 959.131. Ray at ¶ 1, 7-14.
 {¶ 10} The argument is unpersuasive. R.C. 2929.21 (B)'s mandate that misdemeanor sentences be consistent mirrors the provision in R.C.2929.11(B) that felony sentences be consistent. Consequently, we apply the same analysis. Thus, while comparisons with similar cases may be useful to determining consistency in sentences, they are not dispositive. Cf. State v. Ashley, 11th Dist. No. 2006-L-134,2007-Ohio-690, at ¶ 29. Rather, proper application of the statutory sentencing guidelines determines consistency. Id. *Page 5 
 {¶ 11} In this case, the trial court stated on the record, at hearing, that it had considered the overriding purposes of misdemeanor sentencing, pursuant to R.C. 2929.21. It made extensive findings, as required by R.C. 2929.22(B)(1). The court specifically found "the Defendant's conduct in what he did to two innocent and harmless kittens is shocking, sickening, and outrageous." R.C. 959.99, governing penalties for violations of the animal cruelty laws, provides that for violations of R.C. 959.131 a sentencing court "* * * may prohibit or place limitations on the [offender's] ability to own or care for any companion animal for a specified or indefinite period of time." R.C.959.99(E)(3)(a). (Emphasis added.) The trial court fully complied with the statutory guidelines for misdemeanor sentencing; in prohibiting Mr. Whitlow from owning or caring for pets for a specified period — his lifetime — it applied a sanction provided for by the General Assembly. The lifetime prohibition against Mr. Whitlow owning or caring for pets is not, therefore, disproportionate or inconsistent with similar sanctions imposed on similarly situated offenders.[1]
 {¶ 12} The first issue lacks merit.
 {¶ 13} Under his second issue, Mr. Whitlow contends the trial court imposed a maximum sentence — i.e., depriving him of the right to own pets for his lifetime — without following statutory requirements. In support, he cites to R.C. 2929.22(C), which provides, in pertinent part:
 {¶ 14} "[a] court may impose the longest jail term authorized [for misdemeanors] only upon offenders who commit the worst forms of the offense or upon offenders *Page 6 
whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."
 {¶ 15} Mr. Whitlow notes the trial court failed to make a finding that he committed the worst form of cruelty to animals, and that his prior criminal record consists of various traffic citations, and violating probation on a criminal damage charge.
 {¶ l6} The argument is unpersuasive. By terms of the statute, R.C.2929.22(C) findings are only required when a trial court decides to impose a maximum jail term upon a misdemeanant. The subsection is simply inapplicable to the penalty to which Mr. Whitlow objects — the lifetime prohibition from owning pets. That sanction is authorized by a different statute, R.C. 959.99(E)(3)(a).[2]
 {¶ 17} The second issue lacks merit.
 {¶ 18} Under his third issue, Mr. Whitlow contends the lifetime prohibition from him owning pets poses an excessive burden to local government resources. He argues compliance will be difficult to monitor. In support, he cites to R.C. 2929.22(A), which provides that trial courts, "shall not impose a sentence [for a misdemeanor] that imposes an unnecessary burden on local government resources."
 {¶ l9} The state counters that the General Assembly, in giving courts the discretion to restrict pet ownership, through R.C. 959.99(E)(3)(a), as a penalty for *Page 7 
cruelty, has already determined that imposition of such a penalty does not pose an unnecessary burden on local government.
 {¶ 20} The state's argument is persuasive. We deem the General Assembly's determination that enforcement of R.C. 959.99(E)(3)(a) does not impose excessive burdens on local government is evinced by the statute's existence.
 {¶ 21} The third issue lacks merit, as does the assignment of error.
 {¶ 22} The judgment of the Lake County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.
[1] We further question the similarity of facts presented inHendrickson and Ray. Those cases certainly appear to have involved terrible mistreatment of pets — but, there is no indication of the type of sadistic killing to which Mr. Whitlow confessed.
[2] We note that, on the authority of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, at least three of our fellow district courts of appeals have found the judicial fact finding mandated by R.C. 2929.22(C) unconstitutional. See, e.g., State v. Brooks, 7th Dist. No. 05 MA 31,2006-Ohio-4610, at ¶ 34-71; State v. Simms, 10th Dist. Nos. 05AP-806 and 05AP-807, 2006-Ohio-2960, at ¶ 20; State v. Miller, 1st Dist. No. C-050821, 2006-Ohio-2337, at ¶ 6-9. The issue not being presented to us, we have no comment.