[Cite as *State v. Brandon*, 2013-Ohio-1740.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0016** |
| DALE BRANDON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2007 CR 0423.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder* and *Kristina Drnjevich*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Buchanan Legal, P.O. Box 1443, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} This appeal emanates from the judgment on sentence entered by the Portage County Court of Common Pleas. Appellant, Dale Brandon, challenges the trial court's failure to award him jail time credit for time spent in jail awaiting extradition as well as the trial court's decision to classify him pursuant to Senate Bill 10's sexual offender classification scheme. For the reasons that follow, we reverse the trial court and remand the matter for further proceedings.

{¶2} On August 2, 2007, appellant was indicted on one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4) and (B); and one count of attempted rape, a felony of the second degree, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02, with a subsequent attempted child rape specification. Appellant entered an oral and written plea of guilty to the charge of gross sexual imposition, which the trial court accepted. The court nolled the remaining count, including the specification.

{¶3} Appellant, through defense counsel, filed a motion to vacate his guilty plea, and a hearing was scheduled for January 7, 2009. On that date, counsel for the state and counsel for appellant appeared; appellant, however, was absent. It does not appear the hearing went forward, but a warrant was issued for appellant's arrest. He was later apprehended in Las Vegas, Nevada, where he was held pending extradition.

{¶4} Prior to being extradited, appellant filed a pro se motion to withdraw his guilty plea. A hearing was scheduled for August 24, 2009. The court's docket indicates a failure of service on appellant for this hearing, and moreover, it does not appear he was even present in Ohio on August 24, 2009. Nevertheless, the trial court overruled appellant's pro se motion on August 26, 2009. Despite this ruling, the trial court issued another notice that a "motion to vacate" hearing would take place on August 31, 2009. After being extradited, appellant appeared with counsel on that date. Rather than conduct a hearing on appellant's motion, however, the trial court indicated it had previously overruled appellant's pro se motion and proceeded to sentencing. Appellant appealed the judgment, and in *State v. Brandon*, 11th Dist. No. 2009-P-0071, 2010-

Ohio-6251, this court reversed the judgment and remanded the matter for the trial court to conduct a proper hearing on appellant's motion to vacate. *Id.* at ¶19-22.

{¶5} On remand, the trial court conducted a hearing on appellant's motion to vacate and, on February 17, 2011, granted the motion. Appellant subsequently entered an Alford Plea to one count of felony-three gross sexual imposition. Appellant also pled guilty to one count of felony-four failure to appear. The trial court sentenced appellant to four years for gross sexual imposition and 18 months for failing to appear and ordered the terms to be served concurrently. The trial court further ordered appellant be classified as a Tier II sexual offender, pursuant to Senate Bill 10. This appeal followed.

{¶6} Appellant's first assignment of error provides:

{¶7} "The court erred by not awarding jail time defendant served in Nevada awaiting extradition in this case."

{¶8} Appellant claims the trial court erred when it declined to give him jail time credit for 13 days he served incarcerated in Nevada awaiting extradition on the underlying charges. We agree.

{¶9} R.C. 2967.191 provides that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." The amount of jail time credit to which an offender is entitled is generally within the purview of the trial court's authority. *State v. Ashley*, 11th Dist. No. 2006-L-134, 2007-Ohio-690, ¶32; *see also State v. Struble*, 11th Dist. No. 2005-L-115, 2006-Ohio-3417, ¶9. "The trial court's calculation may only be reversed for plain error." *Id.*

3

{¶10} In *State v. Painter*, 11th Dist. No. 2009-A-0016, 2009-Ohio-4929, this court held that a defendant is entitled to credit for time spent awaiting extradition. *Id. at* ¶28. This court observed that, even though credit for time served awaiting extradition is not specified in the jail time credit statute, this does not preclude credit so long as the confinement arose from the offense for which the prisoner was convicted and sentenced. *Id.* By invoking R.C. 2967.191, this court concluded that the court and the state are placed on notice of a defendant's claim for jail time credit. And, at that point, the state has the burden to establish a defendant is not entitled to credit. *Painter* at ¶30.

{¶11} In this matter, the trial court expressly declined to award credit for the 13 days appellant was awaiting extradition in Nevada. From the bench, the court observed: "We can't credit you out of state time, that's the whole problem, that's why you don't get credit. That's dead time when you're held in Vegas." Pursuant to *Painter*, the trial court erred when it concluded it was without authority to give credit for out-of-state time served. We therefore reverse the trial court's judgment on this issue and remand the matter to the trial court for the purpose of determining whether appellant's confinement in Nevada arose from the Ohio offense and, if so, to recalculate appellant's sentence in light of the jail-time credit to which he would be entitled.

{¶12} Appellant's first assignment of error has merit.

{¶13} Appellant's second assignment of error provides:

{¶14} "The court erred in sentencing Mr. Brandon pursuant to the O.R.C. 2950 as in effect January 1, 2008 and not the law existed at the time of the offense." [Sic.]

4

{¶15} Under this assigned error, appellant contends the trial court improperly sentenced him under Senate Bill 10, the latest incarnation of Ohio's sexual registration laws; instead, appellant maintains the court was required to classify him pursuant to Senate Bill 5, a.k.a. Ohio's Megan's Law, the classification scheme that preceded Senate Bill 10. Appellant argues that because the offense to which he pled guilty occurred before the date Senate Bill 10 became effective, he is subject to the provisions of the predecessor statute. At oral argument, the state conceded that appellant was improperly sentenced under Senate Bill 10.

{¶16} Recently, in *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, the Ohio Supreme Court considered and resolved this very issue. In that case, the Court observed that even though Megan's Law was repealed on July 1, 2007, Senate Bill 10's effective date was January 1, 2008. In order to prevent a hiatus of the law during the period between the repeal of Megan's Law and the effective date of Senate Bill 10, one of the two versions must apply. Applying a "well-stated" rule proffered by the Legislative Service Commission, the Court concluded the repealing clause in Senate Bill 10 did not take effect until Senate Bill 10 actually became effective. *In re Bruce S.*, ¶8, citing *Cox v. Ohio Dept. of Transp.*, 67 Ohio St.2d 501, 508 (1981). The Court therefore held, in relevant part:

{¶17} Senate Bill 10's classification, registration, and community-notification provisions cannot be constitutionally applied to a sex offender who committed his sex offense between July 1, 2007, and December 31, 2007, the last day before January 1, 2008, the

5

effective date of S.B. 10's classification, registration, and community notification provisions. *Id.* at ¶12.

**{¶18}** In the case sub judice, the sexual offense to which appellant pled guilty occurred on July 29, 2007. Because appellant committed his offense before Senate Bill 10's effective date of January 1, 2009, the trial court erred in applying Senate Bill 10 to him.

**{¶19}** Appellant's second assignment of error is therefore sustained.

**{¶20}** For the reasons discussed in this opinion, appellant's assignments of error are well taken. We therefore reverse the judgment of the Portage County Court of Common Pleas and remand this matter to the trial court for proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.