**[Cite as *State v. Hopkins*, 2023-Ohio-4443.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 23CRB00571 |
| | : | |
| MEGAN R. HOPKINS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 8, 2023

. . . . . . . . . . .

CHRISTIE M. BEBO, Attorney for Appellant

MATTHEW B. DIBARTOLA, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Megan R. Hopkins appeals from her conviction following a guilty plea to one count of cruelty to a companion animal, a second-degree misdemeanor. She contends the trial court erred in ordering restitution to a dog warden. She also claims the trial court violated due process by failing to hold a hearing before indefinitely prohibiting her from possessing a companion animal. Finally, she asserts that the indefinite prohibition

unlawfully extends the trial court's jurisdiction over her beyond her term of community control in violation of double-jeopardy principles.

**{¶ 2}** We conclude that the trial court properly ordered Hopkins to reimburse the dog warden rather than to pay restitution. In addition, due process did not obligate the trial court to hold a hearing, apart from the sentencing hearing, before indefinitely prohibiting her from possessing a companion animal. The indefinite prohibition also was authorized by law. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

**{¶ 3}** Hopkins was charged with two counts of cruelty to a companion animal and one count of failure to register a dog. The charges stemmed from a complaint about her keeping an emaciated dog chained to a post in her yard. Hopkins subsequently pled guilty to one count of cruelty to a companion animal in violation of R.C. 959.131(D)(2). In exchange, the State agreed to dismiss the other two charges. The trial court accepted the plea and made a finding of guilt.

**{¶ 4}** After reviewing a presentence investigation report, the trial court imposed a 90-day jail sentence. It suspended the jail sentence on the condition that Hopkins serve one year of community control, remain law abiding, complete any assessment ordered by the probation department, and comply with any recommended treatment. The trial court also ordered Hopkins to perform 40 hours of community service, to pay court costs, and to reimburse the Clark County dog warden in the amount of $615. Finally, the trial court ordered her to "refrain from possession, ownership, care or housing of any companion animal." Hopkins timely appealed, advancing three assignments of error.

## II. Analysis

{¶ 5} In her first assignment of error, Hopkins contends the trial court erred in ordering restitution to the Clark County dog warden. She argues that the order was unauthorized by R.C. 2929.28(A)(1), which governs restitution in misdemeanor cases, because the dog warden was not a victim of her crime. For its part, the State concedes that the trial court erred in ordering restitution. The State urges us to modify the trial court's judgment to include an order for reimbursement rather than restitution.

{¶ 6} We note, however, that the trial court did not order Hopkins to pay restitution. Contrary to her argument and the State's concession, the trial court explicitly ordered her to "reimburse" the dog warden during the sentencing hearing and in its May 23, 2023 judgment entry. "Restitution is payment to a victim based on the victim's economic loss as a result of a crime. * * * Reimbursement is payment to a government agency for costs incurred as a result of the offender's actions." *State v. Thames*, 11th Dist. Lake Nos. 2021-L-094 through 2021-L-099, 2022-Ohio-1715, ¶ 22-23. Restitution cannot be awarded to a government entity for caring for an abused animal. *Id.* at ¶ 22. But the reimbursement the trial court ordered was authorized by R.C. 959.99(E)(6)(b), which provides: "A court may order a person who is convicted of or pleads guilty to a violation of division (A) of section 959.13 or section 959.131 of the Revised Code to reimburse an impounding agency for the reasonable and necessary costs incurred by the agency for the care of an animal or livestock that the agency impounded as a result of the investigation or prosecution of the violation provided that the costs were not otherwise paid under section 959.132 of the Revised Code."

{¶ 7} Hopkins does not challenge the reasonableness or necessity of the costs incurred by the dog warden. Nor does she assert that the $615 was "otherwise paid." The presentence investigation report reflects that $615 was the total expense for the dog warden to care for her dog for 30 days. The report included a copy of an order and entry from a related seizure-and-impoundment case in which the Clark County Municipal Court had ordered Hopkins to post a $615 bond or cash deposit for the dog's care and keeping. The report indicated that Hopkins never complied with the order. Given that R.C. 959.99(E)(6)(b) authorized the trial court to order reimbursement to the dog warden in the present case, we find Hopkins's reliance on the restitution statute, R.C. 2929.28(A)(1), to be misplaced. Her first assignment of error is overruled.

{¶ 8} In her second and third assignments of error, Hopkins contests the trial court's imposition of an indefinite pet-ownership ban. In her second assignment of error, she contends due process obligated the trial court to hold a hearing before imposing the ban. In her third assignment of error, she claims the trial court violated double-jeopardy principles by imposing an indefinite ban that extends beyond the one-year term of her community control.

{¶ 9} With regard to the due-process issue, Hopkins agreed to surrender the emaciated dog that led to the charges against her. Therefore, no hearing was required with respect to that animal. As for the trial court's indefinite prohibition on her future possession of a companion animal, that sanction was authorized by R.C. 959.99(E)(6)(a), which provides: "A court may order a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code to forfeit to an impounding agency, as

defined in section 959.132 of the Revised Code, any or all of the companion animals in that person's ownership or care. *The court also may prohibit or place limitations on the person's ability to own or care for any companion animals for a specified or indefinite period of time.*" (Emphasis added.)

{¶ 10} The trial court's indefinite prohibition on pet possession was a statutorily-authorized sanction for Hopkins's offense, and the trial court imposed the sanction at the conclusion of a sentencing hearing during which she and her attorney had an opportunity to be heard. Hopkins has failed to establish that due process required anything more. Her second assignment of error is overruled.

{¶ 11} Finally, we find no merit in Hopkins's double-jeopardy challenge to the indefinite nature of the trial court's companion-animal ban. Her argument is that the trial court retains jurisdiction over her only during her one-year term of community control. She reasons that her sentence ends upon the completion of community control and that the trial court's imposition of a companion-animal ban extending beyond one year, as a condition of community control, constituted a second punishment and exceeded the scope of the trial court's jurisdiction.

{¶ 12} Hopkins correctly cites R.C. 2929.25(B) for the proposition that a trial court retains jurisdiction over an offender to enforce community-control sanctions only for the duration of community control. But the trial court does not appear to have imposed its indefinite ban on possessing a companion animal as a condition of community control. Hopkins's community-control conditions included completing any assessment that the probation department found necessary, complying with any recommended treatment, and

following any restrictions or requirements imposed by the probation department. After imposing community control, the trial court turned to other issues, including reimbursement to the dog warden and its indefinite ban on possessing a companion animal. Because the indefinite ban was specifically authorized by R.C. 959.99(E)(6)(a) and was imposed as a separate penalty apart from community control, we see no reason why the ban could not survive beyond the expiration of Hopkins's one year of community control. We also fail to see any conceivable double-jeopardy issue. Unlike the case law Hopkins cites, the present case did not involve the imposition of multiple punishments for the same offense in separate proceedings.

{¶ 13} Hopkins additionally relies on a dissent from *State v. Whitlow*, 11th Dist. Lake No. 2007-L-005, 2007-Ohio-5907, to argue that the trial court's indefinite ban is void. The defendant in *Whitlow* pled guilty to burglary and two counts of animal cruelty. The trial court imposed a four-year prison term for burglary. It also imposed consecutive 180-day sentences for animal cruelty. In addition, the trial court imposed a lifetime ban on the defendant's owning or caring for any companion animals. On appeal, two members of the panel rejected arguments that the lifetime ban was disproportionally harsh, that the record failed to support a lifetime ban, and that the lifetime ban was an excessive burden to local government resources. *Id.* at ¶ 9-20. The third member of the appellate panel dissented. While recognizing that R.C. 959.99 authorized the ban, the dissenting judge opined that a trial court's criminal jurisdiction ends upon a defendant's release from prison, probation, or parole, whichever occurs last. Therefore, the dissenting judge reasoned that the trial court's power to prohibit the defendant's pet ownership terminated upon the completion

of his two consecutive 180-day sentences for animal cruelty. *Id.* at ¶ 23-28 (O'Toole, J., dissenting.)

**{¶ 14}** Upon review, we find Hopkins's reliance on the dissent in *Whitlow* to be unpersuasive. We disagree that the trial court lacked the power to prohibit pet ownership beyond her one-year term of community control. To the contrary, R.C. 959.99(E)(6)(a) explicitly authorized the indefinite prohibition the trial court imposed. Although most sanctions terminate upon an offender's completion of a term of incarceration or release from community control or post-release control, R.C. 959.99(E)(6)(a) undeniably creates an exception. In this way, it is not entirely unlike permanent driver's-license suspensions, bans on felons possessing a weapon, or lifetime sex-offender registration requirements, all of which survive the satisfaction of other aspects of an offender's sentence. For the reasons set forth above, we overrule Hopkins's third assignment of error.

### III. Conclusion

**{¶ 15}** The judgment of the Clark County Municipal Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.