OPINION
{¶ 1} In the instant appeal, submitted on the record and briefs of the parties, defendant-appellant, Jesiccah Anderson, appeals the judgment of sentence of the Lake County Court of Common Pleas, sentencing her to twelve months in prison for Theft From an Elderly Person, six months in prison for Receiving Stolen Property, four years in prison for Complicity to Burglary, and four years in prison for Burglary, to be served concurrently, for a total prison term of four years. We affirm the judgment of the lower court. *Page 2 
 {¶ 2} On April 7, 2005, the Lake County Grand Jury returned a twelve-count indictment against Anderson, charging her with two counts of Theft From an Elderly Person, in the form of blank checks and check forms, fourth degree felonies, in violation of R.C. 2913.71 (Counts One and Three); two counts of Theft from an Elderly Person, for theft of currency in an amount between $500 and $5,000, felonies of the fourth degree, in violation of R.C. 2913.02(A)(2) (Counts Two and Four); two counts Forgery-Elderly or Disabled Victim, felonies of the fourth degree, in violation of R.C. 2913.31(A)(2) (Counts Five and Six); one count of Identity Fraud, for the purpose of obtaining goods or services valued between $500 and $5,000, a felony of the third degree, in violation of R.C. 2913.49(B)(2) (Count Seven); one count of Misuse of Credit Cards, involving goods and services valued between $500 and $5,000, a felony of the fourth degree, in violation of R.C.2913.21(B)(2) (Count Eight); one count of Receiving Stolen Property, a felony of the fifth degree, in violation of R.C. 2913.51(A) (Count Nine); one count of Complicity to Burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3) and R.C. 2923.03(A)(2) (Count Ten); and two counts of Burglary, felonies of the second degree, in violation of R.C. 2911.12(A)(2) (Counts Eleven and Twelve). The aforementioned charges stem from a course of conduct which occurred between November of 2005 and February 14, 2006 involving various thefts from family members and neighbors to support Anderson's drug addiction.
 {¶ 3} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which declared unconstitutional those provisions of Ohio's felony sentencing statutes requiring "judicial factfinding" prior to imposing a more *Page 3 
than minimum sentence, maximum sentence, or consecutive sentences. Id. at paragraphs one and three of the syllabus.
 {¶ 4} In so holding, the Court rejected the notion of requiring a trial court to impose a presumptive minimum term of imprisonment, i.e., a minimum, concurrent term, concluding that this result was inconsistent with the legislative intent of S.B. 2. Id. at ¶¶ 88-89. Instead, the Court held that the offending provisions were severable. Id. at ¶ 97. As the Court stated, "[t]he excised portions remove only the presumptive and judicial findings that relate to 'upward departures,' * * * the findings necessary to increase the potential prison penalty." Id. at ¶ 98. Based upon the judicial severance of the offending portions of the sentencing statutes, the Court concluded that judicial factfinding was no longer required "before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and that judicial factfiding was no longer "required before imposition of consecutive prison terms." Id. at ¶ 99.
 {¶ 5} On April 27, 2006, Anderson voluntarily withdrew her prior "not guilty" plea and pled guilty to Counts One, Nine, Ten and Twelve. The trial court accepted Anderson's plea and nolled the remaining seven counts against her.
 {¶ 6} The matter proceeded to sentencing on June 5, 2006. The trial court sentenced Anderson to twelve months in prison on Count One, six months in prison on Count Nine, four years in prison on Count Ten, and four years in prison on Count Twelve. The court also found that Count Twelve was subject to a presumption in favor of prison, pursuant to R.C.2929.13. The court ordered that the sentences imposed be served concurrently, for an aggregate sentence of four years, with credit for seventy-two *Page 4 
days served. The court additionally ordered Anderson to make restitution to the victim of Count Nine, Frederick N. Wheeler, in the amount of $120.
 {¶ 7} It is from this judgment that Anderson timely appealed, assigning the following as error:
 {¶ 8} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions.
 {¶ 9} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ lO} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ ll} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms when the rule of lenity dictated a lesser penalty.
 {¶ 12} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms when the legislators drafting the provision demonstrated intent to limit judicial discretion to impose such sentences."
 {¶ 13} Anderson's assignments of error all challenge the retroactive application of the Ohio Supreme Court's decision in Foster to her sentencing hearing. The arguments raised in support of this position are identical to the arguments raised and rejected in prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 *Page 5 
and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30.
 {¶ 14} Anderson's arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 15} Anderson's assignments of error are without merit. The judgment of the Lake County Court of Common Pleas, sentencing her to an aggregate term of four years for Theft From an Elderly Person, Receiving Stolen Property, Complicity to Burglary and Burglary, is affirmed.
 WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1