OPINION
{¶ 1} Appellant, Danny A. Mattes, appeals from the judgment entry of the Portage County Court of Common Pleas sentencing him to ten years imprisonment after he pleaded guilty to one count of rape, a felony of the first degree. We affirm.
 {¶ 2} On November 19, 2006, appellant sexually abused his eight-year-old niece. The Portage County Grand Jury subsequently indicted appellant on one count of rape of a child less than thirteen years "[s]aid [victim] (whose date of birth is the 20th
day of September, 1998) was at the time a person less than ten (10) years of age[,]" in *Page 2 
violation of R.C. 2907.02(A)(1)(b) (B) and R.C. 2967.13, a felony of the first degree; appellant was also indicted on one count of gross sexual imposition (GSI) of a child less than thirteen years of age, in violation of R.C. 2907.05(A)(4), a felony of the third degree.
 {¶ 3} On December 4, 2007, appellant entered a written plea of guilty to an amended count of rape that removed the language, "less than ten (10) years of age." The trial court accepted appellant's plea and nolled the remaining GSI count. The matter was subsequently referred to the Adult Probation Department for a presentence investigation report (PSI).
 {¶ 4} On January 22, 2008, a sentencing hearing was held after which the trial court sentenced appellant to the maximum ten years imprisonment, a fine of $500, and court costs. The court additionally ordered appellant to have no contact with the victim or her family. Appellant now appeals the trial court's sentencing order and asserts one assignment of error:
 {¶ 5} "The trial court erred to Mr. Mattes' prejudice by imposing more than the minimum sentence."
 {¶ 6} Under his sole assignment of error, appellant advances multiple arguments each of which contests the constitutionality of his sentence. The challenges are premised upon the Supreme Court of Ohio's holding inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 and read as follows:
 {¶ 7} "1. Does the sentence imposed on Mr. Mattes violate his rights under the Due Process or Ex Post Facto Clause of the United States Constitution or the principles behind those clauses? *Page 3 
 {¶ 8} "2. Does the sentence imposed on Mr. Mattes violate his right to trial by jury as protected by the Sixth and Fourteenth Amendments to the United States Constitution?
 {¶ 9} "3. Is the sentence imposed on Mr. Mattes unconstitutional as derived from a violation of the separation of powers?
 {¶ 10} "4. Does the sentence imposed on Mr. Mattes violate his right to the Equal Protection of the Law as set forth in theFourteenth Amendment to the United States Constitution?
 {¶ 11} "5. Does the sentence imposed on Mr. Mattes violate the Rule of Lenity as codified in R.C. 2901.04(A)?"
 {¶ 12} Appellant's ex post facto, separation of powers, due process, and rule of lenity arguments are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v.Dwyer, 11th Dist. Nos. 2007-P-0063 and 2007-P-0064, 2008-Ohio-1130, at ¶ 9-10; see, also, State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 10-43, discretionary appeal not allowed by State v. Elswick, 113 Ohio St.3d 1513, 2007-Ohio-2208; State v.Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15; State v.Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15; State v.Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶ 13-35;State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, ¶ 117-125.
 {¶ 13} Moreover, these arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 5-13; *Page 4 United States v. Portillo-Quezada (C.A. 10, 2006), 469 F.3d 1345,1354-1356, and the cases cited therein. Finally, because the Supreme Court of Ohio refused to exercise jurisdiction in Elswick, supra, it follows the high court has also, by implication, rejected the same.
 {¶ 14} Appellant next asserts his sentence violated his right to a jury trial. He maintains that Foster, by severing portions of Ohio's felony sentencing statute that required judicial factifinding, "judicially legislated" a defendant's Sixth Amendment right to a jury trial out of Ohio law. This argument is similar to the arguments rejected under his separation of powers and due process challenges. SeeElswick, supra, at ¶ 10-39; see, also, Dwyer, supra, at ¶ 11. Although we have functionally rejected the jury trial argument in our prior analyses, it is worth pointing out that appellant's position appears to misunderstand the thrust of the Supreme Court's holding in Foster.Foster, by excising the unconstitutional provisions, brought Ohio felony sentencing into compliance with the Sixth Amendment. AfterFoster, a judge is not required to make findings of fact as preconditions for imposing a specific sentence. A court has the discretion to impose any sentence within the statutory range. As judicial factfinding is no longer required to impose a particular sentence, there is no longer a Sixth Amendment problem in Ohio felony sentencing law. For these reasons, appellant's argument lacks merit.
 {¶ 15} Appellant further asserts his right to equal protection of the laws was violated by the trial court's imposition of the maximum sentence for the crime to which he plead. Specifically, appellant posits "[a] defendant in [his] position who was sentenced constitutionally before Foster would have received a minimum term. By quirk of timing, [he] received more-than-the-minimum sentence for the same offense." *Page 5 
 {¶ 16} Appellant's sentence was within the statutory range and therefore the trial court possessed the discretion to impose the ten year term. All similar defendants in appellant's position are treated similarly, i.e., they must be sentenced within the specific felony range set forth by the general assembly. Further, an analogous argument was addressed and rejected in this court's analysis of the due process and Ex Post Facto Clause challenges in Elswick. Id. at ¶ 16. This argument therefore is not well taken.
 {¶ 17} For the foregoing reasons, appellant's assignment of error is overruled and the judgment entry on sentence of the Portage County Court of Common Pleas is hereby affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion.