OPINION
{¶ 1} John E. Plott appeals from the judgment entry of the Portage County Court of Common Pleas, sentencing him to nine months imprisonment for falsification. We affirm.
 {¶ 2} March 7, 2007, the Portage County Grand Jury indicted Mr. Plott for falsification, a fifth degree felony in violation of R.C. 2921.13(A)(9), based on conduct *Page 2 
occurring September 9, 2006.[1] August 27, 2007, Mr. Plott entered a plea of "not guilty." Motion practice ensued, and discovery was had. January 18, 2008, Mr. Plott changed his plea to one of "guilty." June 20, 2008, sentencing hearing was had. By a judgment entry filed June 23, 2008, the trial court sentenced Mr. Plott to serve nine months imprisonment, less twelve days jail time credit. He was further ordered to make restitution in the amount of $3,090 within thirty-six months; was fined in the amount of $300; and, was ordered to pay costs.
 {¶ 3} July 22, 2008, Mr. Plott noticed this appeal, assigning one error:
 {¶ 4} "THE TRIAL COURT ERRED IN SENTENCING JOHN E. PLOTT TO A NON-MINIMUM PRISON TERM FOR FALSIFICATION IN VIOLATION OF THE UNITED STATES CONSTITUTION AND HIS RIGHTS UNDER THE OHIO CONSTITUTION."[2]
 {¶ 5} This court will review a felony sentence pursuant to the two-prong standard set forth by the Supreme Court of Ohio in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912.[3] The plurality preliminarily noted that "[s]ince [State v.] Foster, [109 Ohio St.3d 1,2006-Ohio-856], the courts of appeals have adopted varied standards for reviewing trial court sentencing decisions, ranging from abuse of discretion * * * to a standard that considers whether the sentence is clearly contrary to law. State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941." Id. at ¶ 3. The plurality held that "[i]n applyingFoster to the existing statutes, appellate courts must apply a two-step *Page 3 
approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at
 {¶ 6} In its analysis, the plurality in Kalish indicated the following at ¶ 9-17:
 {¶ 7} "Prior to Foster, there was no doubt regarding the appropriate standard for reviewing felony sentences. Under the applicable statute, appellate courts were to `review the record, including the findings underlying the sentence or modification given by the sentencing court. (* * *) The appellate court's standard for review (was) not whether the sentencing court abused its discretion.' R.C. 2953.08(G)(2).
 {¶ 8} "The statute further authorized a court of appeals to `take any action (* * *) if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.' Former R.C. 2953.08(G)(2), 2004 Am. Sub. H.B. No. 473, 150 Ohio Laws, Part IV, 5814.
 {¶ 9} "The obvious problem with the statute as written and its relation to Foster is the references to `the findings underlying the sentence' and to the determination `(t)hat the record does not support the sentencing court's findings.' Foster's result was to sever the portions of the statute that required judicial fact-finding to warrant a sentence beyond the minimum term in order to make Ohio's sentencing scheme compatible with the United States Supreme Court's decisions inBlakely v. Washington *Page 4 
(2004), 542 U.S. 296 * * *, and United States v. Booker (2005),543 U.S. 220 * * *. Therefore, trial courts `have full discretion to impose aprison sentence within the statutory range and are no longer required tomake findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' (Emphasis added.) Foster,109 Ohio St.3d 1, 2006-Ohio-856 * * *, ¶ 100.
 {¶ 10} "As the passage cited above clearly indicates, Foster does not require a trial court to provide any reasons in imposing its sentence. For example, when imposing consecutive sentences prior toFoster, the trial court had to find that the sentence was necessary to protect the public and was not disproportionate to the seriousness of the offense and the danger the defendant posed to the public. R.C. 2929.14(E)(4). After Foster, a trial court can simply impose consecutive sentences, and no reason need be stated. Thus, a record afterFoster may be silent as to the judicial findings that appellate courts were originally meant to review under R.C. 2953.08(G)(2).
 {¶ 11} "Although Foster eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and2929.12. The trial court must still consider these statutes. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855 * * *, ¶ 38. `In addition, the sentencing court must be guided by statutes that are specific to the case itself.' Id. Furthermore, the trial court must still be mindful of imposing the correct term of postrelease control.
 {¶ 12} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial-fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has *Page 5 
adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).
 {¶ 13} "If on appeal the trial court's sentence is, for example, outside the permissible statutory range, the sentence is clearly and convincingly contrary to law, and the appellate court's review is at an end. The sentence cannot stand. However, if the trial court's sentence is not contrary to law, what is the effect of R.C. 2929.11 and 2929.12
and their relevance to R.C. 2953.08(G)(2) and Foster[.]
 {¶ 14} "Because Foster now gives judges full discretion to impose a sentence within the statutory range without having to `navigate a series of criteria that dictate the sentence,' State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642 * * *, ¶ 25, the state's position that an abuse-of-discretion standard must be used is understandable. Although R.C. 2953.08 did not allow appellate courts to use the abuse-of-discretion standard of review, the statute prior toFoster was concerned with review of the trial court's factual findings under the now excised portions of the statute.
 {¶ 15} "R.C. 2929.11 and 2929.12, however, are not fact-finding statutes like R.C. 2929.14. * * * Instead, they serve as an overarching guide for [a] trial judge to consider in fashioning an appropriate sentence. In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. * * * Moreover, R.C. 2929.12 explicitly permits trial courts to exercise their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion. Cf. State v.Stroud, 7th Dist. No. 07 *Page 6 
MA 91, 2008-Ohio-3187, at ¶ 63 (Donofrio, J., concurring in judgment). Therefore, assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to Foster." (Footnotes and parallel citations omitted.)
 {¶ 16} In this appeal, Mr. Plott does not challenge whether the trial court applied the appropriate rules and statutes in sentencing him, and our own review indicates no error by the trial court. Consequently, the first Kalish prong is met. Further, Mr. Plott's sentence is within the statutory range for a fifth degree felony; and the learned trial court stated at the sentencing hearing its conviction that Mr. Plott had lied to the court, his attorney, and the probation department. Consequently, we can hardly find that the trial court's decision to impose a sentence at the upper end of those applicable to fifth degree felonies constituted an abuse of discretion. Therefore, the sentence passes the second prong of the Kalish test.
 {¶ 17} Rather, Mr. Plott raises five issues, based on the constitutionality of the Supreme Court of Ohio's decision inFoster, supra. We consider them in order.
 {¶ 18} Under his first issue, Mr. Plott asserts that the decision inFoster to sever those portions of the sentencing statutes requiring impermissible judicial factfinding constitutes a violation of the prohibition against ex post facto laws contained in the United States Constitution. He stresses that, prior to Foster, the trial court would have been required to put on the record findings regarding why Mr. Plott should not have received a minimum sentence; and, that our ability to review the appropriateness of the sentence imposed is lessened due to the lack of findings by the trial court. *Page 7 
 {¶ 19} Our reply is twofold. First, this court cannot change the constitutional and statutory constructions made by the Supreme Court.State v. Beery, 11th Dist. No. 2006-L-088, 2007-Ohio-1771, at ¶ 41. Second, this court has already determined that application ofFoster does not violate the prohibition against ex post facto laws of the United States Constitution. State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 16-18, 21-25, 30.
 {¶ 20} The first issue lacks merit.
 {¶ 21} Under his second issue, Mr. Plott argues that his right to trial by jury was violated by application of Foster to his sentencing. Essentially, he argues that the Supreme Court of Ohio erred by entrusting our trial courts with discretion to impose sentences within the appropriate statutory range, Foster at paragraph seven of the syllabus; rather, he believes that, with judicial factfinding abolished, he was entitled to the minimum sentence applicable to fifth degree felonies.
 {¶ 22} Again, inferior courts do not cure alleged error by superior courts. Further, we have heard and rejected the notion that application of Foster denies defendants their right to trial by jury. State v.Mattes, 11th Dist. No. 2008-P-0022, 2008-Ohio-4972, at ¶ 14.
 {¶ 23} The second issue lacks merit.
 {¶ 24} Under his third issue, Mr. Plott contends that theFoster decision violates the doctrine of separation of powers, and that he would be entitled to a minimum sentence in the absence of the exercise of legislative power by the judiciary which Foster allegedly constitutes. *Page 8 
 {¶ 25} We have previously rejected this argument, and continue to do so now. Elswick, supra, at ¶ 32-39.
 {¶ 26} The third issue lacks merit.
 {¶ 27} Under his fourth issue, Mr. Plott contends that application of the Foster decision deprives him of equal protection, in that, prior to that decision's announcement, a defendant in his position would have received a community control sanction or minimum sentence.
 {¶ 28} We have previously rejected this argument, and find no reason to alter our judgment herein. Mattes, supra, at ¶ 15-16.
 {¶ 29} The fourth issue lacks merit.
 {¶ 30} Under his fifth issue, Mr. Plott argues he is entitled to a minimum sentence through application of the "rule of lenity," codified at R.C. 2901.04(A).
 {¶ 31} "R.C. 2901.04(A) states: `* * *sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.
 {¶ 32} "The "rule of lenity" is a principle of statutory construction which states that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous.' * * * The rule of lenity `provides that ambiguity in criminal statutes is construed strictly so as to only apply to conduct that is clearly prescribed.' * * *." Elswick, supra, at ¶ 41-42.
 {¶ 33} Mr. Plott does not inform us which statute applied by the trial court in sentencing him is ambiguous. Speaking generally, this court has not found that our sentencing statutes have been rendered ambiguous due to Foster. See, e.g., Mattes, *Page 9 
supra, at ¶ 12 (collecting cases); Elswick, supra, at ¶ 40-44. In the absence of any further explanation from Mr. Plott, we cannot find that the rule of lenity is implicated in his case.
 {¶ 34} The fifth issue lacks merit, as does the assignment of error.
 {¶ 35} The judgment of the Portage County Court of Common Pleas is affirmed.
 {¶ 36} The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] It is unclear from the record what this conduct was. In its brief, the state asserts that Mr. Plott falsified a police report relative to a social security fraud.
[2] Different versions of the assignment of error appear in Mr. Plott's brief. In the table of contents it reads: "The trial court erred to Mr. Plott's prejudice by imposing more than the minimum sentence." We have chosen to use the more particularized assignment of error appearing in the body of his brief.
[3] We note that Kalish is a plurality opinion. Therefore, it is merely persuasive. See State v. Bassett, 8th Dist. No. 90887,2008-Ohio-5597, at ¶ 24, fn. 2. *Page 1