[Cite as *State v. Bisson*, 2013-Ohio-2141.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0050** |
| JOHN R. BISSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0793.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Leonard J. Breiding, II*, 4825 Almond Way, Ravenna, OH 44266 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the final judgment in a criminal proceeding before the Portage County Court of Common Pleas. Appellant, John R. Bisson, contests the denial of his presentencing motion to withdraw his guilty plea and sentence.

{¶2} In December 2011, appellant was indicted on charges of felonious assault, aggravated possession of drugs, and disruption of public services. Regarding felonious assault, the indictment alleges appellant threatened his wife's well being by pointing a shotgun at her. Initially, he entered a not guilty plea to all three charges, and his pre-

trial bond was set at $50,000, cash or surety. The parties then engaged in discovery over the next two months.

{¶3} Appellant's trial counsel negotiated a plea agreement with the state. As part of the terms, the state agreed to dismiss the counts of aggravated drug possession and disruption of public services. In response, appellant agreed to plead guilty to the lesser offense of attempted aggravated assault, a felony of the fifth degree under R.C. 2903.11 and 2923.02.

{¶4} The trial court conducted an oral hearing on the plea agreement, during which the court fully explained to appellant the legal ramifications of entering the guilty plea. During this proceeding, the trial court heard testimony from appellant's wife as to whether she would fear for her safety if the requirements for appellant's release on bond were altered.

{¶5} At the conclusion of the "plea" hearing, the trial court accepted appellant's guilty plea and referred the case to the adult probation department for preparation of a presentencing report. The trial court also reset appellant's bond to "$50,000 Personal Recognizance."

{¶6} The final sentencing hearing was set for April 16, 2012. Three days prior to the hearing, appellant filed a motion to withdraw his guilty plea under Crim.R. 32.1. As the sole basis for the motion, he asserted that the plea should be set aside because he did not "feel" that he was guilty of attempted aggravated assault.

{¶7} At the outset of the sentencing hearing, the trial court allowed appellant to testify as to the reasons for his request to withdraw the guilty plea. Upon the conclusion of this testimony, the trial court overruled the motion to withdraw, holding that relief was not warranted because appellant was only concerned with the ramifications of having a

felony conviction on his record.  The court then proceeded to hear oral arguments from both sides in regard to sentencing and appellant's relinquishment of certain firearms.  At the close of the hearing, the trial court ordered him to serve 100 days in the county jail, and placed him on probation for a total of 60 months.  As to the probation, the court also ordered that the first nine months would involve intensive supervision by the probation department.  Moreover, appellant's violation of community control sanctions would result in more severe community control sanctions or a specific prison term of one year.  Finally, as part of his community control, appellant was required to continue counseling and find full-time employment within six months.

{¶8}    After the trial court issued its final written judgment concerning the motion to withdraw and the imposition of sentence, appellant filed a timely notice of appeal.  He now raises the following two assignments of error for review:

{¶9}    "[1.] The trial court erred in sentencing the appellant by imposing more than the minimum sentence and by imposing an improper sentence.

{¶10}  "[2.] The trial court erred in overruling appellant's pre-sentence motion to withdraw his guilty plea."

{¶11}  Under his first assignment, appellant contests the length of his community control/probation.  Specifically, he maintains that the trial court abused its discretion in imposing a "greater than the minimum" period in which he will be subject to supervision of the adult probation department.  According to appellant, the trial court erred in failing to base its determination of 60 months on the relevant statutory factors governing felony sentencing.

{¶12}  In essence, appellant submits that the length of his "probation" sentence must be reversed because there is no indication in the record that the trial court actually

3

considered the necessary factors. As both sides aptly note, whether a trial court has an obligation to render findings of fact in a sentencing context has been the topic of substantial analysis in recent years. In summarizing the present state of the law on this point, this court has said:

{¶13} "Our review of the relevant case law readily shows that, since the demise of 'judicial fact-finding' in [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856], Ohio courts have been mandated to follow a two-prong test in reviewing the legal propriety of a felony sentence. See, generally, *State v. Kirkpatrick*, 11th Dist. No. 2010-T-0025, 2010-Ohio-6578, at ¶16-22. Under the first prong of this test, the imposed sentence is examined to determine if it complies with all applicable rules and statutes; in performing this purely legal analysis, an appellate court can only strike down the sentence when it is clearly and convincingly contrary to law. *State v. Bever*, 11th Dist. No. 2010-L-022, 2010-Ohio-6443, at ¶40, citing [*State v.*] *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, * * *. If the first prong is met, it must then be determined whether, even though the term was within the permissible statutory range, its imposition still resulted in an abuse of discretion by the trial court. *Kirkpatrick*, 2010-Ohio-6578, at ¶21. In the context of sentencing, this court has indicated that an abuse of discretion occurs when the trial court's judgment does not comport with reason or the record. *Bever*, 2010-Ohio-6443, at ¶40.

{¶14} "In applying the foregoing test, we have also stated that R.C. 2929.11 and 2929.12 delineate specific factors which a trial court is required to consider as a general guide for imposing a sentence. Id. at ¶41. However, in satisfying this obligation, the trial court does not have a corresponding duty to divulge its analysis of the various factors:

4

{¶15} "'It is well-settled that R.C. 2929.12 does not require a sentencing court to discuss the statutory criteria on the record or even to state on the record that it has considered them. *State v. Chapdelaine*, 11th Dist. No. 2009-L-166, 2010-Ohio-2683, at ¶14. In fact, the Court in *Kalish* noted that where a sentencing court does not memorialize on the record that it considered the factors, a presumption arises that the factors were properly considered. (*Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912), at ¶27, * * *, f.n. 4. "By implication, as long as there is some indication that the factors were considered, a reviewing court is bound to uphold the sentence." *Chapdelaine*, supra.' Id. at ¶42.

{¶16} "See, also, *State v. Tenney*, 11th Dist. No. 2009-A-0015, 2010-Ohio-6248, at ¶14, in which this court concluded that a silent record raises a presumption that the relevant statutory factors were duly considered before the sentencing determination was made." *State v. Vargo*, 11th Dist. No. 2010-P-0065, 2011-Ohio-6690, ¶21-24.

{¶17} In this case, the transcript of the sentencing hearing demonstrates that the trial court never expressly discussed any of the statutory factors for felony sentencing under R.C. 2929.11 and 2929.12. Similarly, even though the trial court stated in its final judgment that it considered the relevant statutory factors, it did not provide an analysis as to any individual factor. However, in light of the *Vargo* precedent, the absence of any discussion of the factors does not warrant the conclusion that trial court failed to employ the appropriate analysis. Rather, given the silent record, it must be presumed that the trial court followed the proper procedure and fully considered all relevant statutory factors before imposing appellant's sentence.

{¶18} Furthermore, the record before this court does not contain statements by the trial court rebutting the foregoing presumption. That is, there were no statements

5

indicating that the trial court ignored the statutory sentencing factors.

{¶19} In challenging the propriety of his sentence, appellant does not contest that the length of both his jail term and "community control" period lies within the statutory parameters for a fifth-degree felony. Since his sentence was clearly not contrary to the law, he can only obtain reversal of his sentence by establishing that the trial court abused its discretion. To this end, he only argues that the record supports the conclusion that the trial court did not base its sentencing determination upon the statutory factors in R.C. 2929.11 and 2929.12 which has already been addressed above. Moreover, we find no abuse of discretion.

{¶20} Appellant threatened his wife by pointing a shotgun at her. Moreover, during the sentencing hearing, the assistant prosecutor presented letters appellant wrote while being held in the county jail showing he was trying to conceal the number of firearms he owned in order to avoid forfeiture.

{¶21} Taken as a whole, the trial court did not abuse its discretion in ordering appellant to serve 100 days in jail and placing him on community control/probation for 60 months. The first assignment lacks merit.

{¶22} Appellant's second assignment pertains to the denial of his presentence motion to withdraw his guilty plea. He submits that withdrawal of the plea was justified because his decision to plead guilty was not made under optimal circumstances.

{¶23} Crim.R. 32.1 expressly allows for the submission of a motion to withdraw a guilty plea prior to the imposition of sentence. When the motion is made in a timely manner, it should be granted liberally. *State v. Johnson*, 11th Dist. No. 2007-L-195, 2008-Ohio-6980, ¶20. Nevertheless, there is no absolute right to withdraw a guilty plea before sentencing, and the motion may be overruled when there is no reasonable and

legitimate basis for allowing withdrawal of the plea. *State v. Parham*, 11th Dist. No. 2011-P-0017, 2012-Ohio-2833, ¶17, quoting *State v. Xie*, 62 Ohio St.3d 521, paragraph one of the syllabus (1992). Moreover, since the determination of a motion to withdraw lies within the trial court's sound discretion, the scope of our appellate review is limited to an "abuse-of-discretion" analysis. *State v. Shaffer*, 11th Dist. No. 2006-P-0115, 2007-Ohio-6404, ¶15.

{¶24} This court employs a four-prong standard for determining whether an abuse of discretion has occurred. Under this standard, the denial should be upheld: "'(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.'" *Parham*, 2012-Ohio-2833, at ¶19, quoting *State v. Peterseim*, 68 Ohio App.2d 211, paragraph three of the syllabus (8th Dist.1980).

{¶25} Appellant maintains that his plea was not made knowingly because the trial court did not go to any "unusual lengths" to ensure that he fully understood the ramifications of his guilty plea.

{¶26} However, during cross-examination, appellant specifically replied "yes" when he was asked if he understood the explanation of the rights he waived by pleading guilty. Furthermore, when the prosecutor asked whether he was subjected to coercion rendering his plea involuntary, appellant answered "no." Therefore, appellant's testimony establishes that he was not seeking to withdraw his guilty plea because he unknowingly or involuntarily entered into the plea. In addition, the trial court fully

complied with the requirements of Crim.R. 11(C) in addressing appellant regarding the legal effect of entering a guilty plea.

{¶27} As his second challenge under the *Peterseim* standard, appellant submits that his trial counsel was not competent because counsel did not file pre-trial motions.

{¶28} However, trial counsel filed motions for discovery and for a bill of particulars. Additionally, there is nothing before this court indicating that trial counsel failed to file other warranted motions or fully pursue defenses to the charges before appellant entered the guilty plea. Accordingly, appellant fails to establish that he was denied representation by competent counsel.

{¶29} Regarding the remaining *Peterseim* factors, a complete and impartial hearing was held on his motion to withdraw, and the trial court fairly considered the merits of the motion before rendering its decision. Thus, appellant fails to demonstrate an abuse of discretion in the denial of his motion to withdraw his plea. Appellant's second assignment also lacks merit.

{¶30} Since neither of appellant's two assignments have merit, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8